## CIRCUIT COURT OF FAIRFAX COUNTY

Crunk et al.

v.

T C Land Development Corp.

April 16, 1991

Case Nos. (Chancery) 118046, (Law) 93663

BY JUDGE THOMAS S. KENNY

This cause is before the Court on the plaintiffs' motion to dismiss the defendant's plea in bar in Chancery No. 118046. Counsel presented oral argument on the matter, at which time I took the issue under advisement to determine if the plaintiffs, the Crunks, must elect between their chancery and law actions now pending in the Fairfax Circuit Court.

The facts of this case disclose that the plaintiffs commenced a law action, At Law No. 93663, on October 20, 1989, and a chancery suit, Chancery No. 118046, on September 20, 1990. Counts 6, 7, and 8 of the Amended Motion for Judgment are nearly identical to Counts 1, 2, and 3 in the more recent Bill of Complaint.

In November of 1990, the defendant, T C Land Development Corp., filed its plea in bar noting that the plaintiffs should be compelled to elect which lawsuit they would proceed with. This issue was brought on for determination by the plaintiffs' motion to strike the plea in bar.

Both sides rely on the case of *Jennings v. Realty Developers, Inc.*, 210 Va. 476 (1970), as authority for their respective positions. *Jennings* is, in fact, dispositive of this case.

In *Jennings*, the Virginia Supreme Court asks itself the exact question we are called on to decide, "Can it [the plaintiff] bring a suit in chancery and, before any action is taken thereon, institute an action at law on the same state of facts . . . and if so, can an election be ordered and when must it be made?" *Id.* at 481. In beginning to answer this question, the Court noted that the "mere institution of double-barrel litigation is not necessarily an election," so that the suit filed first in time is not necessarily the suit

which the plaintiff must proceed on. Essentially, *Jennings* requires that a plaintiff elect which of its pending suits it will prosecute to judgment after such a request is made by the defendant. It is also the holding in *Jennings* that for an election to have meaning, the plaintiff must terminate the action it chooses not to proceed with. *Id.* at 482.

Based on the foregoing analysis, the plaintiffs must nonsuit either the chancery action or the corresponding counts of the law action. If counsel for the plaintiffs fails to make such an election within thirty days of the date of this letter, I will sustain the plea in bar to the chancery action.